# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JOHNNY WELCH,**

    **Plaintiff,**

**v.**                      **Case No. 3:13cv430/LC/CJK**

**WALTON CORRECTIONAL INSTITUTION,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on the plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1). Upon review of the plaintiff's complaint, the court recommends that the case be dismissed as malicious based on the plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Walton Correctional Institution ("Walton CI"). Plaintiff's complaint names one defendant–Walton CI. (Doc. 1, p. 2). The plaintiff claims that the defendant violated his right to "open courts" and his Fourteenth Amendment rights because he was denied access to the law library. (Doc. 1, pp. 5-7). As relief, plaintiff requests "100,000 for each issue." (Doc. 1, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On the civil rights complaint form he submitted, the plaintiff was required to identify and describe all other federal court actions he has filed dealing with the "same or similar facts/issues involved in this action." (Doc. 1, p. 3). He also was required to identify and describe all other federal civil actions he has initiated that relate to the fact or manner of his incarceration, including habeas corpus petitions, or the conditions of his confinement, including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong. In response to those questions, the plaintiff disclosed no cases. In response to a question asking whether he had initiated lawsuits or appeals from lawsuits in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the plaintiff identified no cases. The plaintiff failed to disclose a case that should have been disclosed.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g),[1] the court must investigate

---

[1] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under

the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court consider whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that, at the time the plaintiff filed his complaint in this case, the plaintiff had initiated at least one other lawsuit in federal court that should have been disclosed, including the following:

- *Welch v. Hazeleaf, et al.*, Northern District Case Number 1:09cv146, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Levy County Jail. The case was dismissed on May 23, 2011.

The defendant in *Welch v. Hazeleaf* listed his inmate number as 5392 instead of inmate number G05492 listed in the instant case. A search of DOC's inmate database, however, reveals no inmates listed under inmate number 5392 and only two inmates currently imprisoned named Johnny Welch. The Johnny Welch listed under inmate number G05492 resided at Levy County Jail during the time that *Welch v. Hazeleaf* was filed and currently resides at Walton CI. The other Johnny Welch appears to have never been imprisoned at the Levy County Jail. Based on the foregoing information, *Welch v. Hazeleaf* may be positively identified as having been filed by the plaintiff.

The court has the authority to control and manage matters such as this pending before it, and the plaintiff's *pro se* status does not excuse him from conforming to

---

imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Case No: 3:13cv430/LC/CJK*

acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it, particularly by a plaintiff who has engaged in such conduct in the past. Here, as before, the plaintiff falsely responded to questions on the complaint form by not disclosing his litigation history despite knowledge that disclosure of all prior civil cases was required. If the plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court will not allow the plaintiff's false responses to go unpunished and finds that an appropriate sanction for his abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 22nd day of November, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:13cv430/LC/CJK*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:13cv430/LC/CJK*